JOHN W. LAUGHLIN
v.
LORENZO ETTINGER.

1. MASTER AND SERVANT—ENTIRE AGREEMENT—QUITTING BEFORE EXPIRATION OF TIME.—Where appellee recovered judgment against appellant for the balance claimed to be due appellee for work and labor on appellant's farm, and appellant claimed, and the evidence clearly proved, that the work was done under an entire agreement, and that appellee violated it, of his own wrong, by quitting before the expiration of the time for which he was engaged. *Held*, that the court below erred in overruling appellant's motion for a new trial on the ground that the verdict was against the law and the evidence.

2. AGENCY.—Where appellee did not understand English, and by his authority a party acted for him in making a contract for services with appellant, and appellee came to work at the time and in the manner arranged for, appellee would be bound by such contract.

APPEAL from the Circuit Court of Putnam county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed February 29, 1884.

Messrs. SHAW & EDWARDS, for appellant; cited Eldridge v. Rowe, 2 Gilm. 91; Badgley v. Heald, 4 Gilm. 64; Swanzey v. Moore, 22 Ill. 63; Angle v. Hanna, 22 Ill. 429; Hansell v. Erickson, 28 Ill. 257; Thrift v. Payne, 71 Ill. 408.

Mr. C. C. JONES, for appellee; cited Esmay v. Gorton, 18 Ill. 483; Waggeman v. Bracken, 52 Ill. 468; Mix v. Osby, 62 Ill. 193.

Laughlin v. Ettinger.

PLEASANTS, J.   On appeal from a justice of the peace, appellee, who was plaintiff below, recovered judgment on a verdict against appellant for $70.08 as balance claimed for work and labor on the latter's farm.   His case rested upon his own testimony that he worked for the defendant for the time claimed, being from March 1 to August 1, 1883; that his services were reasonably worth $20 per month, and that he had received on account only the sum of $27.

Defendant appealed and assigns for error that the circuit court overruled his motion for a new trial based on the ground that the verdict was against the law and the evidence.

It is conceded by appellant that appellee wrought for him during the time stated, and that he agreed to pay him $20 per month and paid him only the amount admitted.   But it is claimed the fact was and the evidence clearly proved that the work was done under an entire agreement, and that appellee violated it, of his own wrong, by quitting before the expiration of the time for which he engaged.   We are fully satisfied of the truth of this claim, and that it was a good and sufficient defense is too well understood to make it necessary or profitable to cite authorities.

The uncontradicted testimony is, that appellee did not understand the English language, but had a friend, one Anton Goetz, who did, with whom, a few days before the employment of appellee, appellant had some conversation respecting it.   On the day of the employment Goetz came to appellant's place with appellee "to do the talking for him," and did it. Appellee wanted $22 per month, but appellant refused it and offered $20 until after corn husking, with the right to discharge him at the end of a month if he did not suit; to which "they assented."   He did suit, and continued to work until the morning of August 1st, when, having gone out with the boys into the field to commence the oats harvest, he muttered something, understood to be indicative of dissatisfaction, and went away, returning some days afterward, but only for his clothes, and worked no more.

The contract, as above stated, was clearly proved by appellant and his son and by Goetz.   There is no pretense of ill

Laughlin v. Ettinger.

treatment of any degree or character, or of other excuse for thus leaving; and the only point attempted to be made by appellee's counsel in support of the verdict and judgment below or disclosed by the record, is, that it was not shown that appellee understood what was said by appellant and Goetz in making the agreement, and therefore that there is no evidence that the minds of the parties met in respect to its terms.

Appellee was present and heard all that was then said. That he was then and there told by Goetz the full and exact meaning of it, is not positively shown; but he came to work at the time and in the manner so arranged for, and the irresistible inference is, that he was then or afterward, and before he so came, fully informed of it. And whether he was or not, if Goetz was authorized to act for him, and understood it, he was bound by it.

Upon this evidence the court gave the following instruction on behalf of the plaintiff: "In order to constitute a valid agreement between plaintiff and defendant as to the hiring in this case, if any, the minds of the plaintiff and defendant must have met; and if the jury believe, from the evidence, that the plaintiff did not understand what was said by Laughlin and the witness Goetz as to the terms and length of time he was to work, and assent to it, he would not be bound by it, and would have the right in this suit to recover for what work he actually did for the defendant, whatever the evidence shows. it was reasonably worth."

This instruction ignores the theory of defendant and the evidence that Goetz acted for the plaintiff and by his authority, and was therefore erroneous. It should have been refused or modified; and for the errors in giving it as asked, and in overruling the motion for a new trial, the judgment must be reversed and the cause remanded.

Reversed and remanded.